UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

TAMMY LORD, A/K/A LECLERC,
STEVEN LECLERC

v.                                         Case No. 24-cv-00160-LM-TSM

PHH MORTGAGE CORPORATION

REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION TO DROP STEVEN LECLERC
AS A PARTY PLAINTIFF AND AMEND CAPTION

This matter is before the court on plaintiffs' unopposed Motion to Drop Steven LeClerc as a Party Plaintiff and Amend Caption (Doc. No. 21). For the reasons that follow, this court recommends that the district judge allow plaintiffs' motion and that Mr. LeClerc be dropped from the case with prejudice to his ability to file the same or similar claims against defendant in the future.

DISCUSSION

Self-represented plaintiffs, Tammy Lord and Steven LeClerc, move for an order, pursuant to Fed. R. Civ. P. 21, allowing them to drop Mr. LeClerc as a plaintiff in this matter and amend the case caption to reflect his removal. According to plaintiffs, Mr. LeClerc no longer wishes to participate in the litigation due to discomfort with the pleadings, scheduling conflicts, and other personal concerns. See Doc. No. 21 at pg. 1; Doc. No. 25 at pgs. 2-3. Additionally, plaintiffs assert that allowing them to drop Mr. LeClerc from the case will simplify the litigation, require no change to Ms. Lord's litigation strategy, and cause no prejudice to defendant. Doc. No. 21 at pg. 1. Defendants filed no written opposition to the motion.

Rule 21 of the Federal Rules of Civil Procedure provides in relevant part that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The decision to drop a party pursuant to Rule 21 lies within the district court's discretion. See Perry v. Blum, 629 F.3d 1, 16 (1st Cir. 2010) (reviewing district court's decision under Rule 21 "for abuse of discretion."). In deciding whether to grant a Rule 21 motion, the court may consider such issues as judicial economy, undue delay in filing the motion, whether the moving party will suffer prejudice in the event of a denial, and whether the non-moving party will suffer prejudice if the motion is granted. See, e.g., Lobster 207, LLC v. Pettegrow, No. 1:19-cv-00552-LEW, 2024 WL 5112020, at *1 (D. Me. Dec. 13, 2024) (listing considerations relevant to motions filed pursuant to Fed. R. Civ. P. 21 or 42); In re iBasis, Inc. Derivative Litig., 551 F. Supp.2d 122, 127 (D. Mass. 2008) (denying Rule 21 motion to drop a party where there was "undue delay and prejudicial lack of due diligence on the part of the Plaintiffs"). Dropping Mr. LeClerc from the instant case and allowing Ms. Lord to proceed as the sole plaintiff will have no adverse impact on the case schedule. Nor will it alter the nature of the pending claims or Ms. Lord's litigation strategy. Doc. No. 21 at pg. 1; Doc. No. 25 at pg. 3. Moreover, plaintiffs expressly consent "to dismissal of Mr. LeClerc's claims with prejudice if the Court deems that appropriate[.]" Doc. No. 25 at pg. 3. Accordingly, this court recommends that the district judge grant plaintiffs' motion to drop Mr. LeClerc from the litigation but that it do so with prejudice to protect defendant from the prospect of facing the same or similar claims in the future.

## CONCLUSION

For all the reasons detailed herein, this court recommends that the district judge grant plaintiffs' motion to drop Mr. LeClerc as a plaintiff and amend the case caption (Doc. No. 21), and that Mr. LeClerc be dropped from the case with prejudice to his ability to file the same or similar

claims against defendant in the future. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen- day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October __, 2025

cc:   Tammy Lord, pro se
      Steven LeClerc, pro se
      Counsel of record